US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**MAY 2 7 2014**

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

| | |
|---|---|
| Michael Johnson, | : |
| | : |
| Plaintiff, | : Civil Action No.: *14-5158* |
| | : |
| v. | : |
| | : **COMPLAINT AND DEMAND FOR** |
| GE Capital Retail Bank; and DOES 1-10, | : **JURY TRIAL** |
| inclusive, | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

For this Complaint, the Plaintiff, Michael Johnson, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Michael Johnson ("Plaintiff"), is an adult individual residing in Grandview, Missouri, and is a "person" as defined by 47 U.S.C. § 153(39).

5.    Defendant GE Capital Retail Bank ("GE"), is an Arkansas business entity with an address of 702 Southwest 8th Street, Bentonville, Arkansas 72716, and is a "person" as defined by 47 U.S.C. § 153(39).

6.    Does 1-10 (the "Agents") are individual employees and/or agents employed by GE and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.    GE at all times acted by and through one or more of the Agents.

## FACTS

8.    In January of 014, GE began placing calls Plaintiff's cellular telephone, number 816-xxx-9027, in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

9.    GE placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10.    When Plaintiff answered the phone, he was met with a period of silence or music followed by an automated click at which point the call was transferred to a GE operator.

11.    The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

12.    Plaintiff does not know how GE acquired his cellular phone number.  Plaintiff did not provide it to GE.

13.    Plaintiff did not provide prior express consent to GE to place calls to his cellular phone number.

14.    In March of 2014, Plaintiff demanded that the automated calls cease.

15.    Nevertheless, the calls continued.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
### 47 U.S.C. § 227, et seq.

16.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

17.     At all times mentioned herein and within the last four years, Defendants called

Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or

"Predictive Dialer") and/or by using a prerecorded or artificial voice.

18.     In expanding on the prohibitions of the TCPA, the Federal Communications

Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will

answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*,

18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been

abandoned." *Id.*

19.     Defendants' telephone systems have all the earmarks of a Predictive Dialer.

20.     Often times when Plaintiff answered the phone, Defendants' telephone system did

not connect the call to a live representative and the phone system would terminate the call.

21.     Often times when Plaintiff answered the phone, he was met with a period of

silence before Defendants' telephone system would connect him to the next available

representative.

3

22.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23.     Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants to stop all calls to him.

24.     In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to cease calls to his cellular telephone.

25.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26.     Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

27.     As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

28.     As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31.     Arkansas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Arkansas state law.

32.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home.

33.     The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

34.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

36.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

A.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 20, 2014

Respectfully submitted,

By:

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff